```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
───────────────────────────────────

EUGENE YOUNGBLOOD,

                    Plaintiff         14 Cv. 10288 (JGK)

       - against -                  **MEMORANDUM OPINION AND ORDER**

THE CITY OF MOUNT VERNON, ET AL.,

                    Defendants.

───────────────────────────────────

JOHN G. KOELTL, District Judge:

    The plaintiff Eugene Youngblood, Jr. brings this action against the City of Mount Vernon, several officers and detectives of the Westchester County Police Department, and an individual, Nadeen Johnson, alleging false arrest and false imprisonment under 42 U.S.C. § 1983.  Youngblood alleges that on August 14, 2012, he was arrested for aggravated harassment and detained for approximately eight months in Westchester County Jail, until the charge against him was dismissed.  Youngblood alleges that Johnson, a private citizen, intentionally and maliciously filed a false report against him and provided false testimony at a separate trial.  Youngblood seeks damages from Johnson and requests that criminal charges be filed against her.

    In his Complaint, Youngblood notes that Johnson has filed an Order of Protection against him.  Johnson, who is currently pro se, has also submitted a letter to this Court in which she asserts that Youngblood has only filed the action against her to

1

intimate her.  She attaches several temporary protection orders ordering Youngblood to refrain from contacting Johnson.  The Court will file the correspondence from Johnson under seal.  The Court takes judicial notice of the orders of protection.  See Daniels v. City of New York, No. 03cv0809, 2004 WL 1161231, at *2 (S.D.N.Y. May 24, 2004) (noting that orders of protection are matters of public record of which a court may take judicial notice).

A district court may dismiss *sua sponte* a case brought in forma pauperis, as this case was, if it "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Civil Rights claims pursuant to 42 U.S.C. § 1983 require that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).  To state a Section 1983 claim against a private actor, like Johnson, Youngblood must show that Johnson was a "willful participant in

2

joint activity with the State or its agents." Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) (quoting United States v. Price, 383 U.S. 787, 794 (1966)).  To establish state action pursuant to such joint activity or conspiracy, a plaintiff must show: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." Id. at 324.

In this case, Youngblood alleges that Johnson filed a false police report and provided false testimony against him.  The "general rule" within the Second Circuit is that "providing information to the police—even if the information turns out to be false—will not suffice to convert a private party into a state actor under § 1983." Manbeck v. Micka, 640 F. Supp. 2d 351, 381 (S.D.N.Y. 2009) (citation and internal quotation marks omitted).  Accordingly, Youngblood has not adequately alleged that Johnson was acting in a deliberate conspiracy with state actors to deprive him of his constitutional rights.  See Rankel v. Town of Somers, 999 F. Supp. 2d 527, 550-51 (S.D.N.Y. 2014)

(dismissing *sua sponte* § 1983 claim against private actors); Gonzalez v. Lufkin, No. 08CV1134, 2009 WL 5219018, at *4 (E.D.N.Y. Dec. 28, 2009) (same).

In light of the foregoing, the plaintiff's claims against the defendant Johnson are **dismissed without prejudice.**

**SO ORDERED.**

**Dated:   New York, New York**
**         May 5, 2015**                   _____/s/_____
                                              **John G. Koeltl**
                                        **United States District Judge**

4