UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
EUGENE YOUNGBLOOD, JR., :
          Plaintiff, :
: **MEMORANDUM OPINION**
v. : **AND ORDER**
:
CITY OF MOUNT VERNON, DETECTIVE : 14 CV 10288 (VB)
PATTERSON, POLICE OFFICER M. JONES, :
and DETECTIVE GRIFFIN, :
          Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

    Before the Court is Magistrate Judge Judith C. McCarthy's Report and Recommendation ("R&R"), dated December 29, 2017 (Doc. #109), on defendants' motion for summary judgment (Doc. #85). Judge McCarthy recommended that the motion be granted.

    For the following reasons, the Court adopts the R&R in its entirety. Defendants' motion for summary judgment is GRANTED.

I.    Standard of Review

    A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

    When a party submits timely objections to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have

1

been made, provided no clear error is apparent from the face of the record. See Wilds v. UPS, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clear error standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

As plaintiff is proceeding pro se, this Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

II. Plaintiff's Objections

Now before the Court are plaintiff's timely objections to the R&R. (Doc. #112).

Plaintiff appears to object to the entirety of the R&R.[1] However, plaintiff's objections "engage the district court in a rehashing of the same arguments" already made to, and addressed by, Judge McCarthy. Edwards v. Fischer, 414 F.Supp.2d 342, 346–47 (S.D.N.Y. 2006). Accordingly, here, the appropriate standard of review for the R&R is clear error.

Upon its review, the Court finds no clear error on the face of the record.

Nevertheless, in consideration of plaintiff's pro se status, the Court has also conducted a de novo review of the R&R, and has independently and thoroughly reviewed the record and the relevant case law. Having done so, the Court finds no merit in plaintiff's objections. The Court finds that the R&R is correct in all respects.

---

[1] The Court declines to address plaintiff's objections to Judge Koeltl's May 5, 2015, Order (Doc. #9) dismissing defendant Johnson, which are untimely, and in any event without merit. The Court further declines to address plaintiff's objection that discovery concluded before he received certain discovery materials. Plaintiff failed to make a motion to compel discovery, and the time to do so has long passed.

## CONCLUSION

Having found no error, clear or otherwise, the Court adopts in its entirety Judge McCarthy's thorough and well-reasoned R&R as the opinion of the Court.

Plaintiff's objections are OVERRULED.

Defendants' motion for summary judgment is GRANTED.

The Clerk is instructed to terminate the pending motion (Doc. #85) and close this case.

The Clerk is further instructed to mail a copy of this memorandum opinion and order to plaintiff at the address on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated: February 26, 2018
      White Plains, NY

                SO ORDERED:

                _____
                Vincent L. Briccetti
                United States District Judge